IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| LITTLE ROCK CARDIOLOGY CLINIC, P.A., et al., DR. BRUCE E. MURPHY and BRUCE E. MURPHY, M.D., P.A., DR. SCOTT L. BEAU and SCOTT L. BEAU, M.D., P.A., DR. DAVID C. BAUMAN and DAVID C. BAUMAN, M.D., P.A., DR. D. ANDREW HENRY and D. ANDREW HENRY, M.D., P.A., DR. DAVID M. MEGO and DAVID M. MEGO, M.D., P.A., DR. PAULO RIBEIRO and PAULO RIBEIRO, M.D, P.A., DR. WILLIAM A. ROLLEFSON and WILLIAM A. ROLLEFSON, M.D., P.A. <br><br> Plaintiffs, <br><br> v. <br><br> BAPTIST HEALTH, <br><br> Defendant. | No. 4-06-cv-1594-JLH |

### RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Defendant Baptist Health, for its response to plaintiffs' motion for leave to file second amended complaint ("the motion"), states:

1. Plaintiffs instituted this action on November 2, 2006 -- over a year ago -- by filing a complaint against Baptist Health in which they alleged that Arkansas Blue Cross and Blue Shield ("Blue Cross") conspired with Baptist Health in violation of federal antitrust law.

732818-v1

Blue Cross was not named as a party. Plaintiffs filed an amended complaint against Baptist Health on December 5, 2006, and, again, Blue Cross was not named as a party.

2. Although they offer no explanation for why Blue Cross was not previously named as a party, plaintiffs only now seek leave to "bring all participants in the alleged conspiracy before the Court." Specifically, plaintiffs seek leave to add four new parties -- Blue Cross, HMO Partners, Inc., USAble Corporation, and Baptist Medical System HMO, Inc.

3. Baptist Health believes that the final scheduling order should be modified to account for the additional complexity and delay the amendment will cause.

4. Without question the proposed amendments will delay these proceedings. As communicated in the undersigned counsel's October 12, 2007 correspondence to the Court, Baptist Health was already concerned about the ability of the parties to comply with the existing deadlines contained in the final scheduling order given the complex nature of the claims and the huge amount of discovery necessary to prepare the case for trial.

5. The addition of Blue Cross, HMO Partners, Inc., USAble Corporation, and Baptist Medical System HMO, Inc. as parties turns an already difficult discovery schedule into an impossible one. Indeed, the addition of these parties means that in many respects the case will start over. As an initial matter, the new parties may file dispositive motions under Rule 12, which will require a round of briefing. If such motions are denied, the new parties will have to catch up on the discovery conducted by plaintiffs and Baptist Health to date, initiate their own discovery, and retain experts. It is also unclear what impact adding these new

parties will have on the agreed protective order, ESI order and expert disclosures order—which were negotiated by plaintiffs and Baptist Health over a period of months.

6. The fact that the new defendants will be starting from scratch in the case will necessarily affect the original parties as well. Even if plaintiffs and Baptist Health could otherwise have been in a position to begin taking depositions in the next few months, that will be impossible under these new circumstances as witnesses cannot be deposed twice and the new parties will not be in a position to participate in depositions for some time. The addition of several new parties will necessarily complicate and lengthen all aspects of the case for all parties.

7. Plaintiffs also seek leave to amend -- or "refine" -- the allegations in the complaint relating to the product and geographic market. This amendment too will necessarily cause Baptist Health to start over to some extent because its defense of the case was being prepared based on the allegations contained in the first amended complaint, which will now change. For example, Baptist Health's work to date was based on plaintiffs' allegation of a 16-county relevant geographic market. Plaintiffs' second amended complaint alleges a relevant geographic market ambiguously denominated as "Central Arkansas" without disclosing the area that encompasses. Baptist will first have to ascertain that area and then begin its analysis anew. This refinement will thus further delay the case.

WHEREFORE, defendant Baptist Health requests that the final scheduling order be modified to account for the additional complexity and delay the amendment will cause.

John J. Miles
William E. Berlin
Christi J. Braun
OBER, KALER, GRIMES & SHRIVER
A Professional Corporation
1401 H Street, N.W., Suite 500
Washington, D.C. 20005
(202) 408-8400
FAX: (202) 408-0640

and

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442

By _____
Gordon S. Rather, Jr. (68054)
Judy Simmons Henry (84069)
Troy A. Price (88010)
Michelle M. Kaemmerling (2001227)

Attorneys for Defendant Baptist Health

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

- **Jess L. Askew, III**
  jaskew@williamsanderson.com

- **William E. Berlin**
  weberlin@ober.com

- **Christi J. Braun**
  cjbraun@ober.com

- **Benjamin David Brenner**
  bbrenner@williamsanderson.com

- **John C. Everett**
  john@everettfirm.com

- **Stephen Alexander Hester**
  shester@williamsanderson.com

- **Peter G. Kumpe**
  pkumpe@williamsanderson.com

- **John J. Miles**
  jjmiles@ober.com

- **Janet L. Pulliam**
  jpulliam@williamsanderson.com

_____
Gordon S. Rather, Jr.