IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

LITTLE ROCK CARDIOLOGY CLINIC, P.A.,
DR. BRUCE E. MURPHY and BRUCE E. MURPHY, M.D.P.A.,
DR. SCOTT L. BEAU and SCOTT L. BEAU, M.D.P.A.,
DR. DAVID C. BAUMAN and DAVID C. BAUMAN, M.D.P.A.,
DR. D. ANDREW HENRY and D. ANDREW HENRY, M.D.P.A.,
DR. DAVID M. MEGO and DAVID M. MEGO, M.D.P.A.,
DR. PAULO RIBEIRO and PAULO RIBEIRO, M.D.P.A., and
DR. WILLIAM A. ROLLEFSON and
WILLIAM A. ROLLEFSON, M.D.P.A.                          PLAINTIFFS

vs.                        No. 4-06-cv-1594-JLH

BAPTIST HEALTH, ARKANSAS BLUE CROSS
AND BLUE SHIELD, USABLE CORPORATION,
BAPTIST MEDICAL SYSTEM HMO, INC.,
and HMO PARTNERS, INC.                                  DEFENDANTS

### BAPTIST HEALTH DEFENDANTS' BRIEF IN SUPPORT OF BILL OF COSTS

Defendants Baptist Health and Baptist Medical System HMO, Inc. (referred to

collectively as "Baptist Health") in support of the bill of costs, shows this Court the following:

On August 29, 2008, this Court issued an opinion and order dismissing plaintiffs' third

amended complaint for failure to state facts upon which relief can be granted, and entered

judgment dismissing plaintiffs' claims with prejudice. Federal Rule of Civil Procedure

54(d)(1) provides that "unless a federal statute, these rules, or a court order provides

otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed.

R. Civ. P. 54(d)(1).

The categories of taxable costs are set forth in 28 U.S.C. § 1920, which states:

A judge or clerk of any Court of the United States may tax as costs the
following:

(1)    Fees of the clerk and marshal;

(2)    Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3)    Fees and disbursements for printing and witnesses;

(4)    Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5)    Docket fees under Section 1923 of this title;

(6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under Section 1828 of this title.

28 U.S.C. § 1920. "When an expense is taxable as a cost . . . there is a strong presumption that a prevailing party shall recover it '*in full measure*.' The 'losing party bears the burden of making the showing that an award is inequitable under the circumstances.'" *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002), *mandate amended by* 318 F.3d 1156 (8th Cir. 2003) (emphasis added; citations omitted) (taxing costs of more than $1,000,000 in antitrust case, including more than $500,000 in photocopying costs).

Here, Baptist Health is entitled to an award of costs for copies of transcripts, costs of reproducing paper documents and electronically stored information (ESI) requested by plaintiffs in discovery, costs for management and hosting of a web-based document review platform, and costs of paper photocopies necessarily obtained for use in the case.

## I.    Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case.

Pursuant to 28 U.S.C. § 1920 and Rule 54(d), a prevailing party is entitled to recover costs of transcripts necessarily obtained for use in the case. Baptist Health is entitled to recover the cost of the transcript of the February 27, 2008 hearing on its motion to dismiss

778016-v1

plaintiffs' second amended complaint.  In determining whether cost of transcripts of hearings should be taxed, courts consider the complexity of the case and what transpired at the hearing for which the prevailing party seeks to recover the costs of transcripts.  *See Independence Tube Corp. v. Copperweld Corp.*, 543 F.Supp. 706, 719-720 (N.D. Ill. 1982).  Here, it was necessary for Baptist Health to obtain a copy of the transcript of the hearing on the motion to dismiss the second amended complaint because during that hearing the parties argued and the Court addressed issues that were also relevant to Baptist Health's motion to dismiss plaintiffs' third amended complaint.  Indeed, Baptist Health quoted from this transcript in its briefing on the motion to dismiss the third amended complaint and during oral argument of that motion.

Baptist Health is also entitled to recover the cost of the transcript of the August 6, 2008 hearing on its motion to dismiss plaintiffs' third amended complaint.  This transcript was necessary for Baptist Health's use in the event the matter proceeded to trial and if any appeal is taken now that the matter has been dismissed with prejudice.

Attached to the bill of costs as Exhibit A-2 are true and correct copies of the court reporter's invoices, totaling $300.50.

## II.    Fees for exemplification and copies of papers necessarily obtained for use in the case.

Baptist Health incurred astronomical discovery-related costs in this matter, all as a result of defending a complaint that this Court has determined was premised on a defective legal theory.  (See Opinion and Order p. 4) ("The Court has also concluded that the relevant market alleged for Counts I-IV in the third amended complaint is, indeed, incoherent, and that this incoherence results not from inadequate draftsmanship or the absence of discovery but from an incurable defect in the legal theory; which is to say that the Court does not believe that

the deficiencies can be cured by further amendment."). Some of those discovery-related costs are taxable under Rule 54(d)(1). *See E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000) ("'[c]opies attributable to discovery' are a category of copies recoverable under § 1920(4)"). Here, Baptist Health is entitled to recover costs for (1) scanning of paper documents requested by plaintiffs in discovery, (2) reproduction of electronically-stored information ("ESI") requested by plaintiffs in discovery, (3) management and hosting of a web-based document review platform needed to review both the scanned paper documents and ESI before producing those documents and data to the plaintiffs, (4) burning of CD-ROMs for production to plaintiffs, and (5) copies of paper documents necessarily obtained for use in the case.

The Court's final scheduling order entered on June 19, 2007, set this case for trial in November 2008, and established a discovery deadline of August 1, 2008. Due to the nature of the claims asserted by plaintiffs, the parties understood from the beginning that an unusual amount of discovery would be required. Indeed, in their joint Rule 26(f) report, the parties agreed to certain modifications of the ordinary limitations on discovery under the Federal Rules. Specifically, they agreed that plaintiffs should be permitted to serve fifty interrogatories and take fifty depositions, and that Baptist Health should be permitted to serve fifty interrogatories and take fifty depositions. [Doc 46] Given the discovery deadline of August 1, 2008, it was clear that that a great deal of discovery would have to occur within a relatively short period of time.

On July 27, 2007, plaintiffs propounded fifty-seven requests for production on Baptist Health. (A copy of plaintiffs' first set of requests for production is attached hereto as Exhibit

1.) Plaintiffs defined the relevant time period for these exhaustive requests as "January 1, 1995 to present," defined "Baptist Health" to include not only the five-hospital system but all of its subsidiaries and affiliates, and defined "document" to be synonymous with the meaning of that term in Rule 34 of the Federal Rules of Civil Procedure and to include "any and all electronically stored information."

On August 9, 2007, plaintiffs served an additional eleven requests for production. (A copy of plaintiffs' second set of requests for production of documents is attached as Exhibit 2.) The definitions and instructions concerning the nature and extent of these discovery requests also applied to the second set of requests. After several months of negotiations, the parties submitted an Agreed Electronic Discovery Protocol Order ("ESI order") which the Court entered on November 6, 2007. In the ESI order, the parties agreed and the Court ordered that discoverable ESI would be produced electronically.[1] [Doc 88, p. 6] The ESI order contained specific provisions requiring the parties to search for and preserve responsive ESI, including metadata, archival data, backup data, legacy data and residual data. [Doc 88, pp. 5-6] In addition, the ESI order required the parties to produce ESI in a specific format with certain specified accompanying files. [Doc 88, pp. 6-9] With respect to paper documents, the order provided that the parties were not obligated to convert paper documents to electronic form [Doc 88, p. 2], but contemplated that the parties may do so, and nothing prevented Baptist Health from producing paper documents in electronic form if that was the most efficient means

---

[1] Although the ESI order provides that the parties shall bear their own costs of producing ESI, that provision merely confirms that the general rule applicable to paper discovery also applied to ESI. That is, each party would bear its own costs during the litigation, and a prevailing party may then seek to recover those costs under Rule 54. That is consistent with the fact that the plaintiffs specifically requested costs in their third amended complaint, which was filed after entry of the ESI order. (Third Amended Complaint, p. 76)

778016-v1

5

of production. Moreover, the ESI order makes it clear that the parties were expected to use cost-effective means of production and to avoid wasteful discovery activity. [Doc 88, p. 17]

1.    *Scanning paper documents*

In order to respond to plaintiffs' exhaustive and extremely broad discovery requests, Baptist Health scanned more than 300,000 pages of paper documents, the vast majority of which occurred during the Fall of 2007. The large volume of documents requested by plaintiffs made scanning a far more practical, efficient and economical method of reproduction than paper copies.[2] Then, before a scanned document could be produced to plaintiffs, Baptist Health had to review it for privilege and confidentiality designations.[3] Due to the time-intensive nature of that process, Baptist Health agreed that it would produce documents to plaintiffs on a so-called rolling basis, and plaintiffs did not oppose or object to that method. Between November 2007 and January 2008, Baptist Health produced almost 13,000 pages of scanned documents to plaintiffs on computer disks. Then, at the February 27, 2008 hearing on the motion to dismiss the second amended complaint, the Court stated that "it would be inappropriate to ask the parties to spend a lot of money on document production till we get the next version of the complaint." (Transcript p. 61.) As a result, Baptist Health did not engage in any further production of documents to plaintiffs. Accordingly, in deciding on the taxation of costs this critical point should be considered: *all of the reproduction-related expenses Baptist Health is seeking to recover as taxable costs were incurred prior to the February 27, 2008*

---

[2] It is important to note that the documents that were scanned were not also photocopied, so there is no duplication of expense. To the extent that any scanned documents were later printed for the convenience of Baptist Health, Baptist Health is not seeking to recover any of these printing costs.

[3] In this regard, it is important to note that it was necessary to cast a wide net in doing this scanning/collection to avoid having to duplicate the entire process if plaintiffs later served additional document requests as contemplated in the Rule 26(f) report and in the ESI order previously referenced.

*hearing and were necessary in order to respond to plaintiffs' far-reaching discovery requests and to comply with the requirements of the final scheduling order.*

Like traditional copying of paper documents, scanning is a form of document reproduction or duplication that is recoverable under § 1920. *See BDT Products, Inc. v. Lexmark International Inc.*, 405 F.3d 415, 420 (6th Cir. 2005) (affirming district court's taxing of costs amounting to approximately $350,000, including costs for scanning and imaging documents because "electronic scanning and imaging could be interpreted as 'exemplification and copies of papers'"); *Brown v. The McGraw-Hill Companies, Inc.*, 526 F.Supp.2d 950, 959 (N.D. Iowa 2007) (finding that "electronic scanning of documents is the modern-day equivalent of 'exemplification and copies of paper'"). After considering various vendors, Baptist Health selected Innovative Discovery as the best qualified to handle all aspects this project.[4] Under those circumstances, the costs of shipping the paper documents to the out-of-state vendor should also be recoverable. The fact that the Court suggested that the parties suspend document production before Baptist Health completed its rolling production does not mean that the scanned copies were not "necessarily obtained for use in the case." *W&O, Inc.*, 213 F.3d at 623. Instead, the question is whether the prevailing party "could have reasonably believed that it was necessary to copy the papers in issue." *Id.* That standard is clearly satisfied here where Baptist Health had to scan the documents in order to be able to produce them to plaintiffs—who had requested all of these materials in discovery and undoubtedly would have moved to compel their production had Baptist Health not moved expeditiously under the circumstances.

---

[4] In those instances where Baptist Health needed the original documents back immediately, the documents were scanned by a local vendor, Ivize.

A list and description of expenses for scanning of paper documents related to plaintiffs' discovery requests is included in the itemized spreadsheet attached to the bill of costs as Exhibit A. (Supporting invoices for these expenses are attached to the bill of costs as Exhibit A-3.1). Because it is possible that some portion of these charges may not have been necessary for use in the case, Baptist Health acknowledges that it would be reasonable to award it only 85% percent of the total charges, or $81,204.92. That represents a voluntary 15% reduction by Baptist Health with regard to this considerable expense. *See Concord Boat*, 309 F.3d 494, 498-499 (8th Cir. 2002) (reversing trial court's forty percent discount of prevailing defendant's copying costs where defendant's bill of costs already included a voluntary fifteen percent reduction).

### 2.    *Reproduction of ESI*

The cost to reproduce ESI relating to plaintiffs' discovery requests is also recoverable as copying costs. As we have already seen, plaintiffs' requests for production specifically defined "document" to include ESI, and the parties agreed (and the Court ordered) that ESI would be produced in electronic form. (*See* Exhibits 1 and 2; Doc 88). And, the ESI order required a very specific format and process for doing so. In order to comply with the requirements of the ESI order, Baptist Health necessarily had to pay the third-party vendor, Innovative Discovery, to retrieve or reproduce vast amounts of ESI. In order to respond to plaintiffs' discovery requests, Innovative Discovery imaged more than 60 hard-drives and more than 30 servers and other portions of the Baptist Health data storage system, resulting in approximately 2.5 terabytes (2,562 gigabytes) of ESI. In order to reduce this universe of documents to those responsive to the plaintiffs' requests, Innovative Discovery performed word

searches on the ESI. The application of search terms to the universe of ESI retrieved by Innovative Discovery resulted in approximately 22 gigabytes of ESI that could potentially be responsive to plaintiffs' discovery requests.

A list and description of expenses for reproducing ESI relating to plaintiffs' discovery requests is included in the itemized spreadsheet attached to the bill of costs as Exhibit A. (Supporting invoices for these expenses are attached to the bill of costs as Exhibit A-3.2). Because it is possible that some portion of these charges may not have been necessary for use in the case, Baptist Health again accepts a 15% reduction and acknowledges that it would be reasonable to award it only 85% percent of the total charges, or $454,755.24.

     3.     *Hosting and management of web-based platform*

In addition to reproduction of paper documents and ESI, responding to plaintiffs' extraordinarily broad and far reaching discovery requests and complying with the provisions of the ESI order required Baptist Health to engage a third-party vendor to develop, manage and host a web-based document review platform that would enable Baptist Health to review the scanned documents and ESI; to designate documents as confidential and/or privileged, where appropriate; and to identify the documents for production. Plaintiffs' own complaint and discovery requests defined the universe of documents in such a way, and the ESI order required specific steps for searching for, preserving and producing responsive ESI, such that Baptist Health had no realistic alternative to a web-based platform. Presumably, plaintiffs will not dispute the necessity of these costs given that they engaged their own outside document review consultant (who participated in conferences between counsel about ESI) and used an

electronic platform as well.[5]  It is evident that all of the parties were mindful that federal courts have not been forgiving of parties and attorneys who fail to comply with the rules relating to electronic document production.  *See, e.g., Qualcomm, Inc. v. Broadcom Corp.*, 2008 WL 66932, *9 (S.D. Cal. Jan. 7, 2008) (sanctioning defendant and defense counsel for failure to produce electronic documents requested by plaintiffs in discovery and stating "[a]ttorneys must take responsibility for ensuring that their clients conduct a comprehensive and appropriate document search"), *vacated in part by* 2008 WL 638108 (Mar. 5, 2008); *see also* Fed. R. Civ. P. 26(g)(1) (requiring attorneys to sign discovery responses certifying that "to the best of the person's knowledge, information, and belief, *formed after a reasonable inquiry*" the response is consistent with the rules and law) (emphasis added).

While Baptist Health has not found an Eighth Circuit decision on this issue, these costs are a logical extension of the requirements of modern-day discovery.  With the emphasis on ESI in the Rule 26 conference and the recent additions to the Federal Rules of Civil Procedure, together with plaintiffs' definition of the universe of documents requested, Baptist Health could hardly have undertaken the process in any other manner.  To do otherwise would have exposed Baptist Health (and perhaps its legal counsel) to a claim for severe sanctions and penalties for failure to comply with the Federal Rules of Civil Procedure, Local Rules and ESI order.  Accordingly, Baptist Health urges the Court to also consider and interpret these requested costs as "the modern-day equivalent of 'exemplification and copies of paper'" so that Baptist Health will not be penalized for having to defend against a complaint this Court has characterized as suffering from "an incurable defect in the legal theory."

---

[5] Plaintiffs' third-party vendor was Alphalitigator, headquartered in Lee's Summit, Missouri, and their representative participating in this litigation was Christopher Loman.

A list and description of expenses for hosting and management of the web-based document review platform is included in the itemized spreadsheet attached to the bill of costs as Exhibit A. (Supporting invoices for these expenses are attached to the bill of costs as Exhibit A-3.3). Because it is possible that some portion of these charges may not have been necessary for use in the case, Baptist Health once again accepts a 15% reduction and acknowledges that it would be reasonable to award it only 85% percent of the total charges, or $87,861.60.

4.    *CD-ROMs for production to plaintiffs*

Baptist Health is also entitled to recover the cost of producing documents to plaintiffs on CD-ROMs. A list and description of expenses for production of documents to plaintiffs on CD-ROMs totaling $163.45, is included in the itemized spreadsheet attached to the bill of costs as Exhibit A. (Supporting invoices for these expenses are attached to the bill of costs as Exhibit A-3.4).

5.    *Photocopying of paper documents*

Baptist Health is also entitled to recover the cost of copying paper documents necessary for use in the case. *Concord Boat*, 309 F.3d at 498 ("Expenses for photocopies 'necessarily obtained for use in the case' are recoverable by the prevailing party as costs."). The copied documents were (1) depositions, pleadings, and briefs in the related matters *Bruce E. Murphy, M.D., et al. v. Baptist Health*, Pulaski County Circuit Court Case No. CV2004-2002 and *Platte River Insurance Company v. Baptist Health, et al.*, United States District Court, Eastern District of Arkansas, Western Division Case No. 4:07-CV-36 SWW, and (2) copies of plaintiffs' complaints and discovery requests for use by document reviewers. Again, documents need not have been provided to the Court nor furnished to opposing counsel in

order to be necessarily obtained. *W&O, Inc.*, 213 F.3d at 623. Copying of paper documents was performed in-house, and although a record of such copies was kept, there are no separate supporting invoices as such. However, after examining invoices paid by Baptist Health which included photocopies, a list and description of copying expenses is included in the itemized spreadsheet attached to the bill of costs as Exhibit A. Because some portion of these copying charges were for the convenience of Baptist Health and its counsel, Baptist Health acknowledges that it would be reasonable to award it only 50% percent of the total copying charges, or $1,905.05.

Taken together, Baptist Health is requesting a total of $625,890.25 in costs for exemplification and copies of papers necessarily obtained for use in the case.

## CONCLUSION

For the foregoing reasons, defendants Baptist Health and Baptist Medical System HMO, Inc. respectfully request that this Court award the amount of $626,230.75 as taxable costs.

Respectfully submitted,


John J. Miles
William E. Berlin
Christi J. Braun
OBER, KALER, GRIMES & SHRIVER
1401 H Street, N.W., Suite 500
Washington, D.C. 20005
(202) 408-8400
FAX: (202) 408-0640

and

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442


By _____
Gordon S. Rather, Jr. (68054)
Judy Simmons Henry (84069)
Troy A. Price (88010)
Michelle M. Kaemmerling (2001227)

Attorneys for Defendants Baptist Health
and Baptist Medical System HMO, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Jess L. Askew, III
jaskew@williamsanderson.com

William E. Berlin
weberlin@ober.com

Christi J. Braun
cjbraun@ober.com

Benjamin David Brenner
bbrenner@williamsanderson.com

John C. Everett
john@everettfirm.com

Stephen Alexander Hester
shester@williamsanderson.com

Peter G. Kumpe
pkumpe@williamsanderson.com

John J. Miles
jjmiles@ober.com

Janet L. Pulliam
jpulliam@williamsanderson.com

Debra K. Brown
dbrown@shultslaw.com

Steven T. Shults
sshults@shultslaw.com

Mitchell D. Raup
MRaup@MayerBrown.com

Robert E. Bloch
RBloch@MayerBrown.com

Chet A. Roberts
cxroberts@arkbluecross.com

Thomas B. Staley
tstaley@rsmd.com

_____
Gordon S. Rather, Jr.

778016-v1

14

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**LITTLE ROCK CARDIOLOGY CLINIC, P.A.**                **PLAINTIFFS**
**DR.BRUCE E. MURPHY and BRUCE E. MURPHY, M.D., P.A,**
**DR.SCOTT L. BEAU and SCOTT L. BEAU, M.D., P.A,**
**DR.DAVID C. BAUMAN and DAVID C. BAUMAN, M.D., P.A,**
**DR. D. ANDREW HENRY and D. ANDREW HENRY, M.D., P.A,**
**DR.DAVID M. MEGO and DAVID M. MEGO, M.D., P.A,**
**DR. PAULO RIBEIRO and PAULO RIBEIRO, M.D P.A.,**
**DR. WILLIAM A. ROLLEFSON and WILLIAM A. ROLLEFSON, M.D.P.A.**

**VS.**                        **NO. 4-06-cv-1594-JLH**

**BAPTIST HEALTH**                                **DEFENDANT**


**PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
TO DEFENDANT BAPTIST HEALTH**


Plaintiffs Little Rock Cardiology Clinic, P.A., Dr. Bruce E. Murphy and Bruce E.

Murphy, M.D., P.A, Dr. Scott L. Beau and Scott L. Beau, M.D., P.A, Dr. David C.

Bauman and David C. Bauman, M.D., P.A, Dr. D. Andrew Henry and D. Andrew Henry,

M.D., P.A, Dr. David M. Mego and David M. Mego, M.D., P.A, Dr. Paulo Ribeiro and

Paulo Ribeiro, M.D, P.A., Dr. William A. Rollefson and William A. Rollefson,

M.D.P.A., pursuant to Rule 34 of the Federal Rules of Civil Procedure, request that

Defendant Baptist Health produce for inspection and copying within thirty (30) days of

service of these requests, each document and thing in its possession, custody, or control

that is responsive to any of the individual requests set forth below.  Plaintiffs request that

production be made at the offices of Plaintiffs' counsel, Williams & Anderson PLC, or at

such other place as may be mutually agreeable to counsel for the parties.

```
EXHIBIT

   1
```

**DEFINITIONS**

Unless negated by the context of any individual document request, the following

definitions are applicable to these requests.

A.    "You" and "your" or "Baptist" means defendant Baptist Health in this action, together with any predecessors, successors, affiliates, subsidiaries, facilities, officers, directors, employees, representatives, attorneys, agents, shareholders, and all other persons acting or purporting to act on its behalf.

B.    "Plaintiffs" means each of the plaintiffs in this action, *Little Rock Cardiology Clinic, P.A., Dr. Bruce E. Murphy, Bruce E. Murphy, M.D., P.A., Dr. Scott L. Beau, Scott L. Beau, M.D., P.A., Dr. David C. Bauman, David C. Bauman, M.D., P.A., Dr. D. Andrew Henry, D. Andrew Henry, M.D., P.A., Dr. David M. Mego, David M. Mego, M.D., P.A., Dr. Paulo Ribeiro, Paulo A. Ribeiro, M.D., P.A., Dr. William A. Rollefson, and William A. Rollefson, M.D., P.A.,* together with his, her, or its predecessors, successors, affiliates, subsidiaries, facilities, officers, directors, employees, representatives, attorneys, agents, shareholders, and all other persons acting or purporting to act on his, her, or its behalf.

C.    "AHH" means Arkansas Heart Hospital.

D.    "ABCBS" means Arkansas Blue Cross and Blue Shield, together with its predecessors, successors, affiliates, subsidiaries, members, officers, directors, employees, representatives, attorneys, agents, shareholders, constituent healthcare plans and all other persons acting or purporting to act on its behalf, including but not limited to, HMO Partners, Inc. d/b/a Health Advantage, BlueAdvantage Administrators of Arkansas, Blue & You Foundation for a Healthier Arkansas, Basic Blue, BlueCare PPO, BlueCare PPO Plus, BlueChoice, BlueSelect, Blue Solution PPO, Comprehensive Major Medical (Blue Book or PPP), Federal Employee Program, FlexPlan/FlexPlan Preferred, HSA Blue PPO, HSA Blue PPO PLUS, Medi-Pak, Short-Term Blue, UniqueCare Blue, UniqueCare, True Blue PPO, Arkansas' FirstSource PPO, BlueChoice POS, Health Advantage HMO, Open Access POS, Self-Insured Plans Administered by Health Advantage, HMO Arkansas, Baptist Health Employees/Dependents/Retirees, Arkansas Blue Cross and Blue Shield Employees/Dependents/Retirees  Arkansas State Employees, AHIN, LLC, Ideal Medical Services, Inc., Life and Specialty Ventures, LLC, Pinnacle Business Solutions, Inc., USAble Corporation and USAble Life.

E.    "Sixteen County Service Area" means the geographic area of central Arkansas, in and around Pulaski County, bounded on the northeast by Cleburne and White Counties, on the northwest by Pope County, on the southwest by Hot Spring County, and on the southeast by Arkansas County, as alleged in Paragraph 10 of Plaintiffs' Amended Complaint.

F.      *"Murphy"* means the case captioned *Murphy v. Baptist Health,* No. CV2004-2002 (Pulaski County Circuit Court, 13th Div., filed Feb. 25, 2004).

G.      *"Cathey"* means the case captioned *Janet Cathey v. Baptist Health,* No. CV2005-5701 (Pulaski County Circuit Court 13th Div., filed Apr. 21, 2005).

H.      *"St. Vincent"* means the case captioned *St. Vincent Infirmary Medical Center v. Arkansas Blue Cross and Blue Shield,* No. CV2006-4935 (Pulaski County Circuit Court, 6th Div., filed Apr. 29, 2006) and the case captioned *Arkansas Blue Cross and Blue Shield, a Mutual Insurance Company, and USAble Corporation v. St. Vincent Infirmary Medical Center, et al.,* No. 4-03-cv-00662-JLH (United States District Court, Eastern District of Arkansas, Western Division, filed in 2003).

I.      *"Platte River"* means the case captioned *Platte River Ins. Co.* v. *Baptist Health,* No. 4:2007cv00036 (United States District Court, E.D. Ark., filed Jan. 17, 2007).

J.      "ECOI Policy" means Baptist Health's Economic Conflict of Interest Policy adopted by Baptist Health's Board of Trustees on May 23, 2003, referred to in Paragraphs 24-27 of Plaintiffs' Amended Complaint as the "Economic Credentialing Policy."

K.      The meaning of "document" is synonymous in meaning and equal in scope to the usage of that term in Rule 34 of the Federal Rules of Civil Procedure, and includes all materials defined as "writings" in Rule 1001(1) of the Federal Rules of Evidence. A draft or non-identical copy is a separate document within the meaning of this term. As used in these requests, "document" includes any document now or formerly in, under or subject to your possession, custody or control, or the possession, custody or control of any of your affiliates or any person acting on your behalf, including your agents, representatives and attorneys, including any document that you have a legal right to obtain. The term includes any and all electronically stored information, or any other type of written or recorded matter.

L.      "Electronically stored information" or "ESI" means the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. "Electronically stored information" includes, by way of example only, computer programs (whether private, commercial or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, voice mail, operating systems, source code of all types,

peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and/or
file fragments, regardless of the media on which they reside and regardless of whether said
"Electronically stored information" includes an active file, back-up file, archived or legacy file,
deleted file or file fragment. "Electronically stored information" includes any and all items
stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as
Zip disks, Jaz cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types,
microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM,
PROM, RAM and ROM, on or in any other vehicle for digital data storage and/or transmittal.
The term "Electronically stored information" also includes the file, folder tabs and/or
containers and labels appended to, or associated with, any physical storage device associated
with each original and/or copy.

      M.    "Electronic media" means any magnetic or other electronic media
device used to record ESI. "Electronic media" devices may include, but are not limited to,
computer memories, hard disks, floppy disks, CD-ROM, removable media such as
Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards,
punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM,
or on or in any other vehicle for digital data storage and/or transmittal.

      N.    The term "computer" is to be construed in its broadest possible
sense and includes, but is not limited to, any means of storing or processing magnetic, graphic,
photographic or other data or information, including without limitation, computers, word
processors, personal computers, network terminals, hard-drives, computer network
systems, mainframes, or other means of creating or storing information in electronic form
under the custody, possession or control of you, your past and present officers, directors,
partners, agents, predecessors, successors, affiliates, representatives, employees,
attorneys, and any other persons or entity employed by or acting on behalf of you.

      O.    "Person" means any natural person, firm, association, partnership,
limited liability company, joint venture, trust, corporation, unincorporated organization or
other form of legal entity, unless the context indicates otherwise.

      P.    "Date" as used herein means the exact day, month, and year, if
ascertainable or, if not, the best available approximation (including relationship to other
events).

      Q.    "Each" and "any" include both "each" and "every."

      R.    "And," "or," and "and/or" are either disjunctive or
conjunctive, as necessary, to make each document request inclusive rather than exclusive.

      S.    "Identify" or "identity" means to state, or a statement of:

          a.    for a person other than a natural person: its name, the address of its
             principal place of business (including zip code), its telephone
             number, and the name of its chief executive officer, as well as, if

a person other than a natural person ultimately controls it, that person's name, address of its principal place of business (including zip code), telephone number, and name of its chief executive officer;

b.  for a natural person: his or her name, business address, telephone number, employer, and title or position;

c.  for an oral communication: its date, type *(e.g.,* telephone conversation, meeting or discussion), place of occurrence, identity of person making the communication, identity of person receiving the communication, identity of each other person present when it was made, and subject matter discussed;

d.  for a document: title of the document, author, title or position of the author, addressee, recipient, type of document, subject matter, date of preparation, and number of pages;

e.  for an agreement: its date, place where it occurred, identity of all persons who were parties to the agreement, identity of each person who has knowledge of the agreement, all other persons present when it was made, and subject matter of the agreement;

f.  for a relevant market or market: (i) each and every county or zip code in the geographic market; (ii) each and every product or service which you contend is included within that product market (if applicable, by Healthcare Common Procedure Coding System ("HCPCS") code, Common Procedure Terminology ("CPT") code, ambulatory surgery grouping ("ASG"), diagnosis-related group ("DRG"), international classification of diseases ("ICD-9") or any other identifying codes); (iii) each and every provider or competitor in the market; (iv) any distinct category, class or type of customers in the market; and (v) any other "practical indicia" distinguishing the market; and

g.  for any other instance or discovery request: a detailed, thorough, complete and accurate description.

T.  "Communication" means any exchange or transfer of information between two or more persons whether written, oral, telephonic, electronic, in-person or in any other form.

U.  "Relate to" or "relating to" means containing, evidencing, constituting, furthering, describing, showing, stating, mentioning, discussing, or referring in any way, directly or indirectly, to the subject matter.

V.    "This case" or "this action" refers to the case captioned *Little Rock Cardiology Clinic, P.A., et al. v. Baptist Health*, United States District Court, Eastern District of Arkansas, Western Division, Case No. 4-06-cv-1594-JLH.

## INSTRUCTIONS

A.    Unless otherwise stated, the time period applicable to each document request is from January 1, 1995, to the present.

B.    Produce the original and each draft or non-identical copy of each document that is in your possession, custody or control, or in that of any of your agents, attorneys, accountants, employees, or representatives. If the original is not available, produce the fullest and most legible copy.

C.    Respond fully to each request unless you object to it in good faith. If you object, state the reasons for your objection in detail. If an objection pertains to only a portion of a request, or to a word, phrase, or clause contained within it, state your objection to that portion only and respond to the remainder of the request.

D.    All language in these requests has its ordinary meaning, within context, and the singular shall be read as including the plural. If you believe that any term or the language in any request is unclear, assume a reasonable meaning, state that assumed meaning, and respond to the request according to the assumed meaning.

E.    To the extent documents responsive to a request are responsive to any other request, include in your response the other location(s) of such documents by Bates number or Bates range, as applicable.

F.    Produce each original as it is kept in the ordinary course of business, including all file folders (including electronic files), binders, notebooks and other devices by which such documents are organized or separated.

G.    Stamp each page of each original document (or copy where the original is not available) with a unique Bates number. In addition, reference all Bates or other identifying numbers or ranges that have been affixed to the documents that are responsive to each request for production.

H.    If requested information or documentation is withheld from production on the basis of privilege, including but not limited to the attorney/client privilege or work-product protection, set forth in a detailed schedule the documents withheld from discovery and with respect to each document identify the:

        a.   type of document or thing;
        b.   general subject matter;
        c.   date of the document or thing;

- 6 -

    d.  number of pages;
    e.  name(s) and address(es) of the author(s);
    f.  name(s) and address(es) of the addressee(s);
    g.  name(s) and address(es) of any recipient(s) of copies of the document;
    h.  name(s) and address(es) of the person(s) now in possession of the
    i.  original and any copies of the document;
    j.  the location of the files where the original and each copy are normally kept;
    k.  and the legal and factual basis for the claim of privilege or other
    l.immunity asserted.

      I.      If any requested document has been lost, discarded, deleted, otherwise destroyed, or disposed of, identify each such document as completely as possible, including, as to each, its date, general nature (e.g., letter, memorandum, telegram, telex, photograph, computer printout, computer file, backup tape or other storage media, etc.), subject matter, number of pages, attachments or appendices, each author or originator, addressee, copy recipient, and former custodians. In addition, as to each such document or thing, provide the following information:

    a.  date of disposal, loss, or destruction;
    b.  manner of disposal, loss, or destruction;
    c.  reason for disposal or destruction, or an explanation of loss;
    d.  persons authorizing the disposal or destruction;
    e.  persons having knowledge of the disposal, destruction or loss; and
    f.  persons who destroyed, lost, or disposed of the document or thing.

      J.      In seeking information to respond to this document production request, you are required to examine all possible forms of storing textual, verbal or numerical information, and your examination may not be limited to paper or other forms of "hard copy" records. In searching for non-paper sources of information, you are required to search all computer or other electronic or optical forms of information storing formats, including but not limited to:

    a.  so-called floppy disks;
    b.  removable drive media, of all kinds;
    c.  hard drives used by individuals;
    d.  hard drives shared by multiple users;
    e.  electronic media used by network systems;
    f.  electronic media not maintained on-line, including but not limited to backup tapes or similar archival electronic media, wherever and by whomever stored or retained;
    g.  file servers;

h.  optical media, including "write-once-read-many" ("WORM") media or other optical formats, including rewritable optical formats;

i.  portable computers, included but not limited to, "notebook"

j.  computers, "laptop" computers, or other similar portable devices;

k.  palmtop, pocket size or similar portable information devices on which information is stored in digital form;

l.  systems that preserve "voice mail" or similar messages in analog or digital form; and all systems, whether included in (a)-(k) above, that preserve electronic mail or similar messages in any form, including, but not limited to, systems on the desktop of electronic mail users, systems on servers, and systems that are "offline" methods of preservation of such messages, whether tape, optical or otherwise.

K.    These requests incorporate as if referenced herein all instructions, requirements and other provisions relating to the preservation and production of ESI, including those provisions specifying the format, electronic media and procedures for producing such ESI, set forth in any agreement between the parties or Order governing the production of ESI. Absent any such agreement or Order, pursuant to Rule 34(b) of Federal Rules of Civil Procedure, all ESI shall be produced in native format with full metadata.

L.    These requests are continuing to the full extent provided by Rule 26(e)(2) of the Federal Rules of Civil Procedure. If, after answering these requests, you learn that any response is in any material respect incomplete or incorrect, and if the additional or corrective information or documents have not otherwise been provided to Plaintiffs, you must produce such documents or provide such additional knowledge or information promptly.

## DOCUMENT REQUESTS

### Document Request No. 1:

All documents supporting your denial (in Paragraph 10 of your Answer) that the relevant geographic market in this case is the sixteen county area of Central Arkansas, as alleged in Paragraph 10 of Plaintiffs' Amended Complaint.

**Document Request No. 2:**

All documents supporting your denial (in Paragraph 11 of your Answer) that the relevant product market in this case is cardiology services for privately insured individuals.

**Document Request No. 3:**

All documents supporting your denial (in paragraph 14 of your Answer) that "Health Advantage subscribers could receive covered hospital services only from doctors in the Health Advantage network."

**Document Request No. 4:**

All documents supporting your denial (in paragraph 14 of your Answer) that "only subscribers to Health Advantage could obtain fully insured services from Baptist Health."

**Document Request No. 5:**

All documents that constitute or relate to Baptist's marketing strategies, plans, or analyses of business opportunities.

**Document Request No. 6:**

All documents which refer or relate to competition or potential competition between Baptist and any other entity.

**Document Request No. 7:**

All documents which state, refer or relate to market shares held by Baptist or any other entity in any geographic or product market.

**Document Request No. 8:**

All documents constituting or relating to any analysis of the quality of cardiology services/surgical outcomes performed at Baptist and/or any other facility.

**Document Request No. 9:**

All documents constituting, memorializing or referencing communications between Baptist and any Plaintiff in this action.

**Document Request No. 10:**

All documents which refer or relate to the ABCBS network status of any Plaintiff, including, without limitation, the proposed, contemplated, planned, announced or actual change in the ABCBS network status of any Plaintiff.

**Document Request No. 11:**

All documents which constitute memorialize or refer to any communication by, between or among any person acting on behalf of Baptist, and any person acting on behalf of ABCBS, and which concern or refer to the ABCBS network status of any Plaintiff, including the proposed, contemplated, planned, announced or actual change in the ABCBS network status of any Plaintiff.

**Document Request No. 12:**

All documents which constitute memorialize or refer to any communication by, between or among any persons which concern or refer to the ABCBS network status of any Plaintiff, including, without limitation, the proposed, contemplated, planned, announced or actual change in the ABCBS network status of any Plaintiff.

**Document Request No. 13:**

All documents which constitute, memorialize or refer or relate to any analysis, study, review or summary of any anticipated, potential or actual effects on any entity or

person by reason of the announced or actual loss of any Plaintiff's network status with ABCBS including, without limitation, effects on Baptist, any Plaintiff, AHH, prices, market share, patient choice, consumers, and/or quality of care.

**Document Request No. 14:**

All documents relating to Baptist's consideration, analysis, review, or study of the possible and/or actual effects on Baptist of the announced or actual opening of AHH.

**Document Request No. 15:**

All documents relating to Baptist's consideration, analysis, review, or study of actions to be taken in response to anticipated or actual competition from or with AHH, including any potential actions against physicians who invested in AHH.

**Document Request No. 16:**

All documents which refer or relate to the strategies considered or taken by Baptist or any other tertiary care hospital to respond to the potential or actual opening of one or more specialty hospitals in the same geographic market or service area as Baptist or as the tertiary care hospital.

**Document Request No. 17:**

All documents upon which Baptist relies to support any contention that Baptist had or would have had a valid business justification for communicating with or agreeing with ABCBS about the contemplated, requested or potential removal of any Plaintiff from the ABCBS network.

**Document Request No. 18:**

All documents which support any contention that ABCBS had a valid business justification for removing any Plaintiff from the ABCBS network.

**Document Request No. 19:**

All documents which support any contention that Baptist had a procompetitive justification for any action referenced in the Amended Complaint which it took relating to any Plaintiff.

**Document Request No. 20:**

All documents which constitute ABCBS' procedures for admission to and/or removal from the ABCBS network, including any proposed or actual revisions to those procedures.

**Document Request No. 21**

All documents constituting, memorializing, or relating to communications between Baptist and any third party which refer or relate to (1) any Plaintiff in this action, and/or (2) Arkansas Heart Hospital.

**Document Request No. 22:**

All documents, including Board or committee minutes and/or studies, which constitute, refer or relate to Baptist's consideration and ultimate decision to create an HMO with an insurer.

**Document Request No. 23:**

All documents which constitute, memorialize or refer to any network agreement between Baptist and ABCBS including without limitation, documents reflecting negotiations over any network agreement between Baptist and ABCBS , and any proposed, contemplated, planned, announced or actual change in ABCBS' network agreement with Baptist.

**Document Request No. 24:**

All documents which constitute, memorialize or refer to the potential antitrust implications, consequences or risks of any network agreement between Baptist and ABCBS and/or any particular term of any such network agreement, including any proposed change or revision to any terms of any network agreement.

**Document Request No. 25:**

All documents between Baptist and ABCBS which refer or relate to the formation of the HMO ultimately known as "Health Advantage."

**Document Request No. 26:**

All documents which refer to, analyze, comment upon or otherwise relate to the number of patient nights spent by Health Advantage-insureds in any Baptist hospital facility in the Little Rock metropolitan area.

**Document Request No. 27:**

All documents, including organizational charts, which list, itemize or describe Baptist's administrative and executive departments, the personnel within each of those departments, the job descriptions of the personnel and the reporting relationships between or among those departments and personnel.

**Document Request No. 28:**

All documents analyzing or comparing profitability of each service provided by Baptist, such as obstetrics, cardiology, emergency.

**Document Request No. 29:**

All documents relating to the quality of cardiology services and procedures provided at Baptist as compared to the quality provided at other hospitals in Arkansas.

**Document Request No. 30:**

All documents relating to any comparison of costs for cardiology-related hospital services at Baptist and those of any other hospital's.

**Document Request No. 31:**

All documents relating to any comparison of complication rates for cardiology-related hospital services at Baptist and those of any other hospital's.

**Document Request No. 32:**

All documents relating to any comparison of mortality rates for cardiology-related hospital services at Baptist and those of any other hospital's.

**Document Request No. 33:**

All documents relating to any comparison of infection rates for cardiology-related hospital services at Baptist and those of any other hospital's.

**Document Request No. 34:**

All documents relating to any comparison of rates of iatrogenic illness at Baptist and those of any other hospital's.

**Document Request No. 35:**

Documents sufficient to show Baptist's utilization control policies, procedures, and protocols.

**Document Request No. 36:**

All documents showing Baptist's performance under any measurement of hospital utilization for cardiology-related services, including, but not limited to, admission rates and lengths of stay.

**Document Request No. 37:**

Documents sufficient to identify, for each year since 1995, Baptist's readmission rate for cardiology-related services.

**Document Request No. 38:**

All documents relating to any comparison of readmission rates for cardiology-related hospital services at Baptist and those of any other hospital's.

**Document Request No. 39:**

Documents sufficient to describe any malpractice or wrongful death claim against Baptist in which at least one co-defendant was a cardiologist , cardiac surgeon or thoracic surgeon, and the ultimate result of such claim.

**Document Request No. 40:**

All documents relating to any studies by private or governmental entities of physician-owned specialty hospitals discussing cost of services, patient choice, quality of services, over-utilization, patient acuity, concern about self-referral, or effect on general acute-care hospitals.

**Document Request No. 41:**

All documents relating to Baptist's contemplated or actual  purchase of any physician practices, including documents reflecting the purpose or rationale for any such purchase and analysis of the potential or actual benefits to Baptist.

**Document Request No. 42:**

All documents which show Baptist's contemplated or actual provision or marketing of management services for physicians' practices, including any analysis of the benefit to Baptist or business justification for Baptist in  providing such services. .

**Document Request No. 43:**

Documents sufficient to show your document retention and destruction policies in effect since January 1, 1995, including documents which refer to deleting, erasing, overwriting or modifying ESI from electronic media, including all logs and records of any such activity, and all communications relating to any such policy or activity.

**Document Request No. 44:**

All documents relating to any document preservation instruction, and steps taken to preserve ESI as evidence in this litigation, including all steps taken to prevent or suspend deletion, overwriting and modification of ESI that may be relevant to this action, or other "litigation hold" issued by Baptist, and all communications relating to any such instruction, steps or notice.

**Document Request No. 45:**

All documents received or produced in *Murphy, Cathey, Platte River,* or *St. Vincent.*

**Document Request No. 46:**

All documents which refer or relate St. Vincent's proposals to provide hospital services for less than ABCBS's contract with Baptist.

**Document Request No. 47:**

All documents which support any contention that ABCBS had a valid business justification for rejecting St. Vincent's proposals to provide hospital services for less than ABCBS's contract with Baptist.

**Document Request No. 48:**

All documents which constitute, memorialize or refer to any communication by, between or among any person acting on behalf of Baptist, and any person acting on behalf of ABCBS, and which concern or refer to this case, *Murphy, Cathey, Platte River* and/or *St. Vincent.*

**Document Request No. 49:**

All documents which constitute, memorialize or refer to any communication by, between or among any person acting on behalf of Baptist, and any person acting on behalf of ABCBS, and which concern or refer to (a) the amount that Baptist charges for hospital services that it provides to patients who are not in a ABCBS network; and/or (b) the amount of any discount Baptist provides to any Third-Party Payor from the amount that Baptist charges for hospital services that it provides to patients who are not in a ABCBS network.

**Document Request No. 50:**

All documents which constitute memorialize or refer to any communication by, between or among any person acting on behalf of Baptist, and any person acting on behalf of ABCBS, which concern or refer to the amount that Baptist charges for hospital services that it provides to patients who are in a ABCBS network.

**Document Request No. 51:**

Provide all UB-92, Form 1300 and 1450 data, inpatient discharge data as submitted to the Arkansas Department of Health for each year from 1995 to date.. The data should be submitted as a electronically readable disk(s) in flat file format with one record per discharge except where multiple records per discharge are allowed under

- 17 -

Department of Health regulations (see Arkansas Hospital Discharge Data Submittal Guide). Please also provide a data dictionary. For years preceding the submission of such data to the Department of Health, provide these same data as collected for internal use. The file format(s) should be either flat file (fixed field or comma delimited), SAS transport data set, SPSS data set or MS Access data set.

**Document Request No. 52:**

Provide documents sufficient to show the following data on all outpatient services for each of Baptist's hospitals in the metropolitan Little Rock area for the years 1995 to date: the date, procedure description, procedure code, insurance carrier, units, billed charges and payment. The file format(s) should be either flat file (fixed field or comma delimited), SAS transport ata set, SPSS data set or MS Access data set.

**Document Request No. 53:**

For each year 1995 to date, the Medicare patient discharge data submitted to CMS for MedPAR by each Baptist hospital in the metropolitan Little Rock area.

**Document Request No. 54:**

For each year 1995 to date, provide the financial statements for each of the Baptist's hospitals in the State of Arkansas. The financial statements requested are those which provide data at the department level and those used internally in controlling and measuring department and overall hospital performance. These data should be provided as MS Excel worksheets on disk or CD ROM.

**Document Request No. 55:**

Provide the name of each doctor employed by Baptist and for each doctor the medical specialty and the location of each such physician within the state of Arkansas.

**Document Request No. 56:**

Provide documents sufficient to show for each year 1995 to date the names of all medical practices and the number of physicians in each such practice in the State of Arkansas to whom Baptist provided practice management consulting services.

**Document Request No. 57:**

Provide copies of all contracts between Baptist and any insurer in effect for each year from 1995 to date showing reimbursement rates for all DRG's and other services.

Dated: July 27, 2007

**LITTLE ROCK CARDIOLOGY CLINIC, P.A., et al.,**

By: _Terry M Gordon_
Terry M. Gordon
One of the Attorneys for Plaintiffs

John G. Jacobs (*Pro Hac Vice*)
Bryan G. Kolton (*Pro Hac Vice*)
The Jacobs Law Firm, Chtd.
122 South Michigan Avenue
Suite 1850
Chicago, Illinois 60603
Telephone: (312) 427-4000
Fax: (312) 427-1850

Janet L. Pulliam #79233
Benjamin D. Brenner #2004172
Williams & Anderson
111 Center Street
22nd Floor
Little Rock, Arkansas 72102
Telephone: (501) 372-0800
Fax: (501) 372-8632

John Everett, #70022
Everett Law Firm
P.O. Box 8370
Fayetteville, Arkansas 72703
Telephone: (479) 443-0292
Fax: (479) 443-0564

Terry M. Gordon (*ProHac Vice*)
Law Offices of Terry M. Gordon
3 Harbor Drive, Suite 317
Sausalito, CA 94965
Telephone: (415) 331-3601
Fax: (415) 331-1225

## CERTIFICATE OF SERVICE

I hereby certify that on July 27  , 2007, I served the foregoing on the following by e-mail and U.S. Mail:


John J. Miles
William E. Berlin
Christi J. Braun
Ober, Kaler, Grimes & Shriver
A Professional Corporation
1401 H Street, N.W., Suite 500
Washington, D.C. 20005
jjmiles@ober.com
weberlin@ober.com
cjbraun@ober.com


Gordon S. Rather, Jr.
Judy Simmons Henry
Troy A. Price
Michelle Marie Kaemmerling
Wright, Lindsey & Jennings LLP
200 West Capitol Avenue, Suite 2300
Little Rock, AK 72201-3699
grather@wlj.com
jhenry@wlj.com
tprice@wlj.com
mkaemmerling@wlj.com


_____
Jenny Ryan

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

LITTLE ROCK CARDIOLOGY CLINIC, P.A.　　　　　**PLAINTIFFS**
DR.BRUCE E. MURPHY and BRUCE E. MURPHY, M.D., P.A,
DR.SCOTT L. BEAU and SCOTT L. BEAU, M.D., P.A,
DR.DAVID C. BAUMAN and DAVID C. BAUMAN, M.D., P.A,
DR. D. ANDREW HENRY and D. ANDREW HENRY, M.D., P.A,
DR.DAVID M. MEGO and DAVID M. MEGO, M.D., P.A,
DR. PAULO RIBEIRO and PAULO RIBEIRO, M.D, P.A.,
DR. WILLIAM A. ROLLEFSON and WILLIAM A. ROLLEFSON, M.D.P.A.

VS.　　　　　　　　**NO. 4-06-cv-1594-JLH**

BAPTIST HEALTH　　　　　　　　　　　　　　**DEFENDANT**

**PLAINTIFFS' SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
TO DEFENDANT BAPTIST HEALTH**

Plaintiffs Little Rock Cardiology Clinic, P.A., Dr. Bruce E. Murphy and Bruce E.

Murphy, M.D., P.A, Dr. Scott L. Beau and Scott L. Beau, M.D., P.A, Dr. David C.

Bauman and David C. Bauman, M.D., P.A, Dr. D. Andrew Henry and D. Andrew Henry,

M.D., P.A, Dr. David M. Mego and David M. Mego, M.D., P.A, Dr. Paulo Ribeiro and

Paulo Ribeiro, M.D, P.A., Dr. William A. Rollefson and William A. Rollefson,

M.D.P.A., pursuant to Rule 34 of the Federal Rules of Civil Procedure, request that

Defendant Baptist Health produce for inspection and copying within thirty (30) days of

service of these requests, each document and thing in its possession, custody, or control

that is responsive to any of the individual requests set forth below.  Plaintiffs request that

production be made at the offices of Plaintiffs' counsel, Williams & Anderson PLC, or at

such other place as may be mutually agreeable to counsel for the parties.

```
EXHIBIT

2
```

- 1 -

The Definitions and Instructions set forth in Plaintiffs' First Set Of Requests For Production Of Documents To Defendant Baptist Health shall apply to this set of requests.

## DOCUMENT REQUESTS

1.    All documents that are identified in response to Plaintiffs' First Set Of Interrogatories To Defendant Baptist Health .

2.    All documents that relate to your answer to Interrogatory No. 6 of Plaintiffs' First Set Of  Interrogatories To Defendant Baptist Health.

3.    All documents that relate to your answer to Interrogatory No. 7 of Plaintiffs' First Set Of  Interrogatories To Defendant Baptist Health.

4.    All documents that relate to your answer to Interrogatory No. 8 of Plaintiffs' First Set Of  Interrogatories To Defendant Baptist Health.

5.    All documents that relate to your answer to Interrogatory No. 9 of Plaintiffs' First Set Of  Interrogatories To Defendant Baptist Health.

6.    All documents that relate to your answer to Interrogatory No. 10 of Plaintiffs' First Set Of  Interrogatories To Defendant Baptist Health.

7.    All documents that relate to your answer to Interrogatory No. 12 of Plaintiffs' First Set Of  Interrogatories To Defendant Baptist Health.

8.    All documents that relate to your answer to Interrogatory No. 13 of Plaintiffs' First Set Of  Interrogatories To Defendant Baptist Health.

9.    All documents including, without limitation, all medical records, relating to a patient at Baptist Hospital -- Billie A. Cole (Ms. Cole's social security number will be provided separately if needed).

10.    All documents relating to any possible, contemplated, planned or actual termination, or reinstatement, of Dr. Ribeiro's privileges at Baptist.

11.    All documents (including any and all patient records) relating to any possible, contemplated, planned, or actual peer review action related to Dr. Ribeiro including, without limitation, any action taken by the cardiology control committee in 2007.

Dated: August 9, 2007

Respectfully submitted,

John G. Jacobs, One of the
Attorneys for Plaintiffs

John G. Jacobs (*Pro Hac Vice*)
Bryan G. Kolton (*Pro Hac Vice*)
The Jacobs Law Firm, Chtd.
122 South Michigan Avenue
Suite 1850
Chicago, Illinois 60603
Telephone: (312) 427-4000
Fax: (312) 427-1850

Janet L. Pulliam #79233
Benjamin D. Brenner #2004172
Williams & Anderson
111 Center Street
22nd Floor
Little Rock, Arkansas 72102
Telephone: (501) 372-0800
Fax: (501) 372-8632

John Everett, #70022
Everett Law Firm
P.O. Box 8370
Fayetteville, Arkansas 72703
Telephone: (479) 443-0292
Fax: (479) 443-0564

Terry M. Gordon (*ProHac Vice*)
Law Offices of Terry M. Gordon
3 Harbor Drive, Suite 317
Sausalito, CA  94965
Telephone:  (415) 331-3601
Fax: (415) 331-1225

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2007, I served the foregoing on the following counsel by e-mail and U.S. Mail:

John J. Miles, Esq.
William E. Berlin, Esq.
Christi J. Braun, Esq.
Ober, Kaler, Grimes & Shriver
A Professional Corporation
1401 H Street, N.W., Suite 500
Washington, D.C. 20005
jjmiles@ober.com
weberlin@ober.com
cjbraun@ober.com

Gordon S. Rather, Jr., Esq.
Judy Simmons Henry, Esq.
Troy A. Price, Esq.
Michelle Marie Kaemmerling, Esq.
Wright, Lindsey & Jennings LLP
200 West Capitol Avenue, Suite 2300
Little Rock, AK 72201-3699
grather@wlj.com
jhenry@wlj.com
tprice@wlj.com
mkaemmerling@wlj.com

Sheila M. Cook