IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

LITTLE ROCK CARDIOLOGY CLINIC, P.A., *et al.*                              PLAINTIFFS

v.                              NO. 4:06CV01594 JLH

BAPTIST HEALTH; ARKANSAS BLUE
CROSS AND BLUE SHIELD; USABLE
CORPORATION; BAPTIST MEDICAL
SYSTEM HMO, INC.; and HMO PARTNERS, INC.                                   DEFENDANTS

## OPINION AND ORDER

This is an antitrust action commenced on November 2, 2006, and dismissed nearly two years later when the Court held that a third amended complaint failed to state a claim upon which relief can be granted. After the action was dismissed, Baptist Health filed a bill of costs under Rule 54 of the Federal Rules of Civil Procedure. The plaintiffs have filed objections to the bill of costs. Baptist Health and the plaintiffs have each replied to the opposing party's arguments. Baptist Health currently seeks a total of $507,985.14 in taxable costs.

Under the Federal Rules of Civil Procedure, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). The Eighth Circuit has held that Rule 54(d) codifies a rebuttable presumption that the prevailing party is entitled to costs. *Leonard v. Southwestern Bell Corp. Disability Income Plan*, 408 F.3d 528, 533 (8th Cir. 2005) (citing *Martin v. DaimlerChrysler Corp.*, 251 F.3d 691, 696 (8th Cir. 2001)). The costs available under the rule are stated in 28 U.S.C. § 1920:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

>   (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>   (3) Fees and disbursements for printing and witnesses;
>   (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>   (5) Docket fees under section 1923 of this title;
>   (6) Compensations of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
>   A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920, *amended by* Pub. L. No. 110-406, § 6, 122 Stat. 4291, 4292 (2006) (amended 2008). Not all expenses of litigation are costs taxable against the losing party, and within the statutory framework of costs eligible to be taxed, the district court has discretion in determining and awarding costs in a given case. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42, 107 S. Ct. 2494, 2497, 96 L. Ed. 2d 385 (1987); *Pershern v. Fiatallis North America, Inc.*, 834 F.2d 136, 140 (8th Cir. 1987). The district courts may not tax costs beyond those expressly authorized in § 1920. *Crawford*, 482 U.S. at 445, 107 S. Ct. at 2499. "Section 1920 imposes 'rigid controls on cost-shifting in federal courts . . . .'" *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002) (citing *Crawford*, 482 U.S. at 444, 107 S. Ct. at 2499).

Baptist Health has requested costs under two categories under § 1920: fees for hearing transcripts and fees for exemplification and costs of making copies.[1] The statute provides that the items for which these types of fees were paid must have been "necessarily obtained for use in the case." 28 U.S.C. § 1920.

---

[1] Baptist Health has abandoned two of its original requests for costs – $87,861.60 for web hosting services and $40 for service of a subpoena.

**HEARING TRANSCRIPTS**

Baptist Health has requested costs for transcripts of two hearings — one in February 2008, and another hearing in August 2008. The cost of the transcript for the February hearing was $36.60 and the cost of the transcript for the August hearing was $263.90. The plaintiffs do not object to the $36.60 requested for the transcript of the February 2008 hearing, but they object to the cost of $263.90 for the August hearing because they say it was unnecessary for Baptist to obtain that transcript under 28 U.S.C. § 1920(2). Baptist Health says the August 2008 transcript was necessary "in the event the matter proceeded to trial and if any appeal is taken now that the matter has been dismissed with prejudice."

Before awarding costs for transcripts, "the court should determine that transcripts were not obtained primarily for the convenience of the parties but were necessary for use in the case." *McDowell v. Safeway Stores, Inc.*, 758 F.2d 1293, 1294 (8th Cir. 1985). So far as the proceedings in this Court are concerned, the August transcript was not necessary for use in the case. Had the Court denied the motion to dismiss, there is no apparent reason that Baptist Health would have needed that transcript. It is true that the transcript may now be used for the appeal, but taxing the cost of a reporter's transcript for an appeal must wait for the appeal to be decided. FED. R. APP. P. 39(e)(2). Therefore, the Court will not tax as costs under § 1920 the amount of $263.90 for the transcript of the August 2008 hearing.

**COPYING COSTS**

The plaintiffs do not object to the in-house copying costs claimed by Baptist Health, which amount to $1,905.05, but they do object to the other copying expenses that Baptist Health seeks to recover. Baptist Health seeks costs for reproduction of electronically-stored information ("ESI") in

the amount of $454,755.24, document scanning in the amount of $50,861.40, and CD-ROM production in the amount of $163.45. All of these expenses were incurred in responding to the plaintiffs' discovery requests. Baptist Health explains that it had "astronomical discovery-related costs in this matter, all as a result of defending a complaint that this Court has determined was premised on a defective legal theory."

The threshold issue is whether expenses incurred in producing documents in discovery are taxable under § 1920(4). Baptist Health relies on an Eleventh Circuit case to support its argument that "[c]opies attributable to discovery" are taxable under § 1920(4). *E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000). Baptist Health also argues that the Eighth Circuit has recognized discovery-related copying expenses as taxable because in *Concord Boat Corp. v. Brunswick Corp.* (*Concord Boat I*), 17 Fed. App'x 491, 494 (8th Cir. 2001), the Court noted, while reversing and remanding for further consideration, that the prevailing party "may have had higher copying costs because of expansive discovery requests." After remand, the Eighth Circuit issued a second opinion on the issue of which costs were taxable in *Concord Boat Corp. v. Brunswick Corp.* (*Concord Boat II*), 309 F.3d 494 (8th Cir. 2002), and in that opinion the Court held that, when costs are found to be taxable, there is a strong presumption that a prevailing party shall receive it in full measure. *Id.* at 498. Baptist Health also cites *Movitz v. First Nat'l Bank of Chicago*, 982 F. Supp. 571 (N.D. Ill. 1997), for the proposition that discovery-related costs are taxable. *Id.* at 577 (awarding costs for copies that presumably were discovery documents).

"Costs" is a term of art that is narrower than "expenses." *Arlington Cent. School Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 297, 126 S. Ct. 2455, 2459-60, 165 L. Ed. 2d 526 (2006); *Hadix*

*v. Johnson*, 322 F.3d 895, 899 (6th Cir. 2003); *Walitalo v. Iacocca*, 968 F.2d 741, 750 (8th Cir. 1992); 10 WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE § 2666 (3d ed. 1998).

The District Court of Nebraska has adopted a *Bill of Costs Handbook* that states that § 1920(4) "covers the cost of actually trying a case in the courtroom, and includes documents and exhibits used at trial." UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA, BILL OF COSTS HANDBOOK 6 (2008), *available at* www.ned.uscourts.gove/info/Taxation.pdf. The handbook provides that copying costs are taxable if "the copies were received as evidence, prepared for use in presenting evidence, or obtained for service on the other parties in the litigation and the court." *Id*. The District of Nebraska's *Bill of Costs Handbook* is consistent with this Court's understanding of the scope of § 1920(4). The handbook provides that "[r]outine copy expenses made for service, filing, or convenience of counsel are not taxable absent prior court approval." *Id.* The Eighth Circuit has upheld the handbook's interpretation of § 1920 as a proper exercise of the court's discretion. *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 763-64 (8th Cir. 2006). This section of the District of Nebraska's *Bill of Costs Handbook* is consistent with the practice of this district and that of other districts in the Eighth Circuit in taxing costs pursuant to § 1920(4). *See Fields v. Shelter Mut. Ins. Co.*, No. 4:05CV01924, 2007 WL 1702512, at *6 (E.D. Ark. June 11, 2007) (holding that "expenses incurred in copying documents to be produced in discovery" are not taxable costs under § 1920); *Uni-Systems, Inc. v. Delta Air Lines, Inc.*, No. CIV. 4-96-973, 2002 WL 505914, at *3 (D. Minn. March 28, 2002) (the cost of copying documents to be produced during discovery is not taxable); *Sphere Drake Ins. PLC v. Trisko*, 66 F. Supp. 2d 1088, 1093-94 (D. Minn. 1999) (same); *Emmenegger v. Bull Moose Tube Co.*, 33 F .Supp. 2d 1127, 1133 (E.D. Mo. 1998) (declining to award as costs the expense of "a party's copying of documents to be produced in discovery"); *Nelson*

*v. Darragh Co.*, 120 F.R.D. 517, 519 (W.D. Ark. 1988) (taxing as costs only the copies of documents introduced at trial); *Evans v. Fuller*, 94 F.R.D. 311, 315 (W.D. Ark. 1982) (absent prior approval, the only copying expense that may be taxed as costs are for exhibits actually used at trial). Disallowing the costs of copying documents produced in discovery is consistent with the rule that depositions "that are merely investigative, preparatory, or useful for discovery, rather than for presentation of the case typically are not taxable costs." *Jackson v. United Parcel Service, Inc.*, No. 4:07CV00276, 2008 WL 783344, at *1 (E.D. Ark. March 25, 2008) (citing *Koppinger v. Cullen-Schiltz and Assoc.*, 513 F.2d 901, 911 (8th Cir. 1975); WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE § 2678, at 428). Because the Eighth Circuit has expressly approved this portion of the District of Nebraska's *Bill of Costs Handbook* as a proper exercise of the court's discretion under § 1920(4), the Court is satisfied that declining to tax as costs the expense of copying documents to be produced in discovery is within this Court's discretion.

*Concord Boat* is not to the contrary. The issues presented to the Eighth Circuit in *Concord Boat* were whether the district court erred in allocating costs among the defendants on a pro rata basis, rather than imposing joint and several liability, and whether the district court erred by reducing the defendant's request for an award of copying costs by a greater percentage than it had reduced the plaintiff's request for copying costs when the plaintiffs had been deemed the prevailing party. *See Concord Boat I*, 17 Fed. App'x at 493; *Concord Boat II*, 309 F.3d at 496-97. It appears that the district court first awarded copying costs to the plaintiffs for the full amount of their request, which the plaintiffs had voluntarily reduced by 15% from the actual amount of their copying expenses. When the Eighth Circuit reversed the judgment in favor of the plaintiffs and remanded for entry of

judgment for the defendant,[2] the defendant submitted its bill of costs, including the full amount of its copying costs less 15%. The district court then reduced the amount awarded as costs under § 1920(4) by more than 15%. On appeal, the defendant objected to the disparate treatment between the parties. It does not appear that either party objected to the inclusion as taxable costs of the costs of making copies to be produced to the opposing party, so the Eighth Circuit never decided that issue. Instead, as noted, the Eighth Circuit held that when costs are found to be taxable there is a presumption that they should be awarded in full measure. Because the copying expenses were held without objection to be taxable, and because there was nothing in the record to overcome the presumption that they should be awarded in full measure, the Eighth Circuit held that the defendant's request less 15% should be taxed as costs. *Concord Boat II*, 309 F.3d at 498-99. Here, the plaintiffs have objected to Baptist Health's claim for discovery-related copying expenses, and the Court has held that those expenses are not taxable costs, so the issue of whether they should be recovered in full measure or in some lesser amount does not arise.

The Court recognizes that the Eleventh Circuit and several district courts have allowed as costs the expense of copying documents during discovery. Nevertheless, it has been the practice in this district to limit costs recoverable under § 1920(4) to the costs of copying items used in presenting the case at trial or prepared for that purpose. This Court historically has not awarded as costs under § 1920(4) the expense of copying documents during discovery. The practice in this district is consistent with the practice in other districts of this circuit. The Eighth Circuit has held that the District of Nebraska's policy with respect to § 1920(4), with which this Court agrees, is within the district court's discretion. That policy does not authorize taxing as costs the expense of

---

[2] *Concord Boat Corp. v. Brunswick Corp.*, 207 F.3d 1039 (8th Cir. 2000).

producing documents during discovery. Therefore, the Court declines to tax as costs the expenses incurred by Baptist Health in reproducing documents during discovery.

## CONCLUSION

For the reasons stated above, costs are taxed in favor of the Baptist Health defendants in the amount of $1,941.65.

IT IS SO ORDERED this 19th day of March, 2009.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE